FILED
CLERK, U.S. DISTRICT COURT

09/01/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 5:23-cr-00171-SSS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 666(a)(1)(B): Bribery Concerning Programs Receiving Federal Funds; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| PAUL JOHN GOLLOGLY, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 666(a)(1)(B)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant PAUL JOHN GOLLOGLY was a public official employed by and contracted with the City of Murrieta ("City"). Defendant GOLLOGLY was an agent of the City working as a reserve police officer, detective, and consultant for the Murrieta Police Department ("MPD"), an agency of the City. Defendant GOLLOGLY managed an anti-money laundering program for MPD, and, in that role, he handled and provided direction to certain confidential informants registered with MPD. Defendant GOLLOGLY's contract with the City was terminated in or about September 2020.

    2.    As a public official employed by the City, defendant GOLLOGLY owed a fiduciary duty to the citizens of the City to perform the duties and responsibilities of his office free from bias, conflicts of interest, self-enrichment, self-dealing, concealment, deceit, fraud, kickbacks, and bribery.

    3.    Person A was a confidential informant who was registered with MPD from April 2013 onward.  Person A was a citizen of Colombia without a visa or a lawful permanent status in the United States.  Person A needed specific and periodic authorizations from the Federal government to enter and work in the United States.  Person A was also a wealthy art dealer and collector with substantial business interests in Colombia, Mexico, Panama, Spain, and the United States and whose business required Person A to travel frequently among these and other countries.

    4.    Person B was a close relative of defendant GOLLOGLY.

    5.    The City was a local government located in Riverside County, California.  Annually, the City received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of Federal assistance in each of the calendar years 2012 through 2020.

B.    <u>DEFENDANT GOLLOGLY'S SCHEME</u>

    6.    Between in or about March 2013 and in or about September 2020, in Riverside County, within the Central District of California, and elsewhere, defendant GOLLOGLY, an agent of the City, corruptly solicited, demanded, accepted, and agreed to accept something of value from a person to benefit himself and others, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the City having a value of $5,000 or

more. Specifically, defendant GOLLOGLY solicited, demanded, accepted, and agreed to accept something of value from Person A to benefit defendant GOLLOGLY himself, Person B, and other close relatives and friends, including: (1) $29,600 in rent for Person B's apartment in New York City; (2) rooms at hotels in Mexico and Colombia; (3) employment and employment leads; and (4) dinner at an upscale restaurant, intending to be influenced and rewarded in connection with, among other things, the operation of a money laundering investigation utilizing confidential informants who were not citizens of the United States and who did not have lawful immigration status in the United States, and who, therefore, needed specific and periodic authorizations from the Federal government to enter and work in the United States.

                    FORFEITURE ALLEGATION

          [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

     1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in the sole count of this Information.

     2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

          (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

          (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

     3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Mack E. Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

JULIUS J. NAM
Assistant United States Attorney
Public Corruption & Civil Rights Section

COURTNEY N. WILLIAMS
Assistant United States Attorney
Riverside Branch Office